IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JARROD D. WILLIAMS, ET AL.** | § | |
| | § | |
| V. | § | CIVIL NO. 4:25-CV-574-P-BJ |
| | § | |
| **CITY OF FORT WORTH, ET AL.** | § | |

### AMENDED[1] FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING THE INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are the following motions filed by the individual Defendants (except Defendant Chief of Police Noakes Neil ("Defendant Neil") ("collectively referred to as the "Individual Defendants"): (1) Certain Defendants'[2] Motion to Dismiss [doc. 12], filed July 28, 2025; (2) Defendants'[3] Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) [doc. 13], also filed July 28, 2025; and (3) Defendants Pittman, J. Garcia, Julian Garcie,[4] Cavanaugh, Roth and Barber's Motion to Dismiss [doc. 20], filed August 12, 2025. In all the motions, the parties request dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(2), lack of proper service under Rule 12(b)(5), and failure to state a claim upon which relief can be granted under Rule 12(b)(6).

To the extent that the Individual Defendants seek dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) because of improper service, improper service is properly challenged

---

[1] This order is Amended to correct information contained in footnotes 6 and 7, infra.

[2] This motion was filed by Defendants Sterling Rochester, Sgt. Kristopher Donahey, Jake Montgomery, Shawn Evans, and Kevin Blasingame.

[3] This motion was filed by Defendants Joseph Smith, Nadine Bauman, Joselin Frias, Joel Perez, and Darrin Parr.

[4] While Plaintiff alleges claims against Julian Garcie ("Garcie"), Defendants, in their motion to dismiss [doc. 20], refer to Garcie as "Julian Garcia." (*Cf.* Plaintiff's Complaint at 1 *with* Defendants Pittman, J. Garcia, Julian Garcia, Cavanaugh, Roth and Barber's Motion to Dismiss [doc. 20] at 1.)

under a motion to dismiss for insufficient service of process under Rule 12(b)(5) and not for lack of personal jurisdiction under Rule 12(b)(2).  *See Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 646-47 (E.D. Tex. 2023).  Consequently, the Court will only consider the motions to dismiss for improper service under Rule 12(b)(5).  Moreover, to the extent that the Individual Defendants seek dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Plaintiff, on August 18, 2025, filed an Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(1).  Consequently, the Individual Defendants' motions to dismiss based on Rule 12(b)(6) should be denied as moot.

As to Rule 12(b)(5), it appears that Plaintiffs have not properly served the Individual Defendants.  The Individual Defendants, as police officers being served in their individual capacities, are subject to the service provisions set forth in Rule 4(e), which relates to serving individuals.  Rule 4(e) states:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling or usual place of above with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Pursuant to Texas Rule of Civil Procedure ("Texas Rule") 106(a)(2), process may be served by any person authorized by Rule 103, as relevant here, by "mailing to the defendant

by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Texas Rule 103 explicitly requires that process be served by: "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified by the Judicial branch Certification Commission." Tex. R. Civ. P. 103; *see also* Fed. R. Civ. P. 4(c)(2) ("stating that service may be made by "[a] person who is at least 18 years old and not a party"). Texas Rule 103 also states that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit." Furthermore, pursuant to Texas Rule 107, "[w]hen the citation was served by registered or certified mail, as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." Texas Rule 107(c).

In this case, Plaintiff Jarrod D. Williams ("Williams" or "Plaintiff"), on July 8, 2025, filed an "Unsworn Declaration Under Penalty of Perjury" ("Unsworn Declaration") [doc. 8] that was signed by "Cassandra Paul" ("Paul"). In the Unsworn Declaration, Paul indicates that, as relevant here, she mailed by certified mail seventeen individual summonses and complaints to the Individual Defendants (and Defendant Neil) at various addresses.[5] (*See* Unsworn Declaration at 1-43.) However, while Williams attached the certified mail receipts to the Unsworn Declaration showing that the summonses and complaints were deposited into the U.S. mail on July 1, 2025, Williams does not include any delivery receipts with the addressee's signature as required by Texas Rule 107(c). (*See* Unsworn Declaration at 38-44.) In fact, Williams, in his response to one of the motions to dismiss, states:

> As far as the concerns for dismissal, the U.S. Post Office lost all certified mail return receipts but did provide Plaintiffs' [sic] with electronic signatures from

---

[5] According to Defendants, these addresses were "addresses of various City buildings, such as City Hall, Police Headquarters, and Certain Police Division offices." (*See, e.g.*, Certain Defendants'[5] Motion to Dismiss [doc. 12] at 2.)

> the F.W.P.D.,[6] along with each separate certified mail numbers.  Plaintiffs' [sic] will provide the court and clerk with these electronic signatures so that the Defendants' [sic] will be notified of this matter.  Plaintiffs' [sic] who appear in propria personal (not pro se), find it very difficult to serve process on police because police officers addresses are difficult, if not impossible, for the common man to find.  Following this Response, Plaintiffs' [sic] will file something to request to serve process alternatively.[7]

((Plaintiff's Response [doc. 18] at 2-3 (footnotes added).)

Based on the information presented above, the Court finds and concludes that Plaintiff has not properly served the Individual Defendants.  Moreover, there is no evidence that Defendant Neil has been properly served.  In addition, Plaintiff, in his Amended Complaint, added two new individual Defendants, Christopher Cardona ("Cardona") and Carlos Guardado ("Guardado"), to this suit, who have not been served.  However, because the time for Plaintiff to effectuate proper service on Defendant pursuant to Rule 4(m)[8] has not expired, the Court finds and concludes that Plaintiff should be given another opportunity to effect and file proper proof of service on the Individual Defendants, Defendant Neil, Defendant Cardona, and Defendant Guardado.

Based on the foregoing, the Court **RECOMMENDS** that Certain Defendants' Motion to Dismiss [doc. 12], (2) Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) [doc. 13]; and (3) Defendants Pittman, J. Garcia, Julian Garcie, Cavanaugh, Roth and Barber's Motion to

---

[6] The Court notes that, on August 5, 2025, Plaintiff filed a Response [doc. 18] to one of the motions to dismiss and attached an Amended Unsworn Declaration Under Penalty of Perjury and the "Product Tracking & Reporting" information from the United States Postal Service.  While the Product Tracking & Reporting information indicates that the seventeen certified summonses and complaints were received, the signatures do not appear to be the signatures of the Individual Defendants.  Thus, even assuming the Product Tracking & Reporting information satisfies the requirement in Texas Rule 107(c) of a return receipt, the attempted service appears insufficient as it does not contain the signatures of the Individual Defendants.  *See Jones v. Lamar Cty.*, No. 4:21-CV-00156-SDJ-CAN, 2022 WL 17175071, at *8 (E.D. Tex. Sept. 9, 2022) (stating that the attempted service was insufficient because "service was addressed to the defendants personally, but their signatures do not appear on the return receipts").

[7] *See* footnote 5, *supra*.

[8] Rule 4(m) provides that a Defendant should be served within 90 days after the complaint is filed or a Plaintiff risks the case being dismissed without prejudice.  *See* Rule 4(m).  As Plaintiffs filed their original Complaint on May 30, 2025, less than 90 days have passed in this case.

Dismiss [doc. 20] **based on Rule 12(b)(2) be GRANTED IN PART** in that the Court find that Plaintiff has not properly effectuated service on the Individual Defendants. The Court further **RECOMMENDS** that the above-listed motions **based on Rule 12(b)(2) be DENIED IN PART** in that Plaintiff, pursuant to Rule 4(m), be given an additional **thirty (30)** days to effect and file proper proof of service on the Individual Defendants, as well as on Defendant Neil and recently-added Defendants Cardona and Guardado. The Court further **RECOMMENDS** that the above-listed motions **based on Rule 12(b)(6) be DENIED AS MOOT** as Plaintiff filed an Amended Complaint on August 18, 2025.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29

(5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 3, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED August 20, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE