UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JARROD D. WILLIAMS, ET AL.,**

   Plaintiffs,

v.                                                                  **No. 4:25-cv-574-P**

**CITY OF FORT WORTH, ET AL.,**

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On February 20, 2026, the United States Magistrate Judge issued a Findings, Conclusions, and Recommendation ("FCR") in this case. ECF No. 72. The FCR recommended that the Court dismiss the case for lack of subject matter jurisdiction. Plaintiffs filed a "Response" to the FFR on March 3, 2026. ECF No. 73. Because Plaintiffs proceed *pro se*, the Court will construe its response as an objection. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **DISMISS** the case for lack of subject matter jurisdiction, **ADOPT** the reasoning in the Magistrate Judge's FCR, and **OVERRULE** Plaintiffs' Objections.

## BACKGROUND

This case arises from an alleged arrest asserted by Plaintiff Jarrod D. Williams on behalf of himself and his two minor children that included an alleged forced entry by the police into his home and ensuing damage in the home. Plaintiffs claim that the Officer Defendants therein engaged in a litany of unlawful acts. Those facts led to this lawsuit

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district

court may then accept, reject, or modify the recommendation or findings, in whole or in part. *Id*.

## ANALYSIS

Throughout the filings, Plaintiffs deny that their claims arise under Section 1983 but rather claim that their lawsuits are for breach of contract and for breach of trust. The only means by which this Court, as a federal court, may have subject matter jurisdiction over these claims would be by means of Section 1983. But Plaintiffs have unequivocally said that they are not asserting claims under Section 1983. Therefore, the Plaintiffs are only bringing state law claims, and this Court does not have subject matter jurisdiction seeing that there is no federal question.

In Plaintiffs' response to the FFR, they seek an opportunity to amend their complaint once more. The Court properly denies a Motion to Leave to Amend when amendment is sought for purposes of undue delay or bad faith or in the face of a failure to cure deficiencies. *Calhoun v. Villa*, 761 Fed. App'x 297, 300–01 (5th Cir. 2019). Plaintiffs has already repeatedly made clear in their filings, such as his Amended Complaint, and responses that he is not proceeding under Section 1983. So allowing for an amendment at this stage on that very issue would be prejudicial to Defendants.

Plaintiffs also object, in an unclear manner, that because Plaintiffs have a remedy in state court and because the memory of witnesses may fade, the federal court should use its equitable powers to allow this case to continue in federal court. For the reasons previously state, the Court declines that invitation and overrules Plaintiffs objections.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR and Plaintiffs' Objections, the Court **DISMISSES without prejudice** the case for lack of subject matter jurisdiction, **ADOPTS** the reasoning in the FCR, and **OVERRULES** Plaintiffs' Objections.

**SO ORDERED** on this **10th day of March 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2